UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,          :
                                   :
           v.                      :          File No. 1:15-cr-00046-jgm-2
                                   :
LEOPOLDO EUGENIO RIVAS,            :
                                   :
           Defendant.              :
_____ :

RULING ON MOTION TO SEVER
(Doc. 46)

I.      Introduction

        Defendant Leopoldo Eugenio Rivas ("Rivas" or "Defendant") is charged in a second

superseding indictment with three counts of attempting to bring persons whom he knew or

recklessly disregarded knowing were illegal aliens for the purposes of commercial advantage and

financial gain, and conspiring to do so, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i), (a)(1)(A)(v)(1),

(a)(2), (a)(2)(B)(ii), in this multi-defendant case.  (Doc. 51 (sealed); Doc. 55 (redacted).)  Rivas moves

to sever his case from that of Victor Ramos-Funez ("Ramos-Funez"), a co-defendant.  (Doc. 46.)

The government opposes the motion.  (Doc. 66.)  Rivas did not file a reply.  For the reasons stated

below, the Court denies the motion.

II.     Background

        On March 30, 2015, Ramos-Funez was arrested while attempting to guide four illegal aliens

into the United States from Canada.  He was indicted and charged with attempting to bring persons

whom he knew or recklessly disregarded knowing were illegal aliens for the purposes of commercial

advantage and financial gain, in violation of 8 U.S.C. §§ 1324(a)(2), (a)(2)(B)(ii).  At depositions, two

of the aliens identified Leopoldo Rivas as the person who drove the vehicle that carried the four

illegal aliens, Ramos-Funez, and another co-conspirator from Montreal to the border so the aliens could cross illegally into the United States with Ramos-Funez.

Rivas was arrested on June 28, 2015, on the United States' side of the Vermont-Quebec border, after Border Patrol agents were alerted to activity in an area that was known for alien smuggling.  Other individuals fled north into Canada and Rivas was apprehended.  No charges were brought regarding the June 28 event.  Rivas was first charged in a criminal complaint and then the first superseding indictment with alien smuggling in the March 30 event, along with Ramos-Funez.  See Doc. 35.  Rivas filed his motion to sever on October 9, 2015.  On December 3, 2015, the grand jury returned a five-count second superseding indictment that includes the previously charged offense against Rivas and Ramos-Funez, and added a conspiracy count with a third co-conspirator, two substantive counts against Rivas and the third co-conspirator for events on February 21 and March 28, 2015, and a substantive count against the third co-conspirator alone.  See Doc. 55 (redacted).  Rivas and Ramoz-Funez pleaded not guilty on December 18.  See Dkt. Entry No. 57. The third co-conspirator remains at large.

III.     Discussion

Federal Rule of Criminal Procedure 8(b) permits the government to join defendants in a single indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Under Rule 14(a), a district court "may . . . sever the defendants' trials" where it appears a defendant is prejudiced by joinder. Fed. R. Crim. P. 14(a).  As indicated by the language of the rule, the severance decision is committed to the "sound" discretion of the trial court.  United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted).

Rivas does not argue the charges against him and Ramos-Funez were not properly joined under Rule 8(b).  He moves to sever his case from that of Ramos-Funez because he was not present

at the depositions of the witnesses, and therefore had no opportunity to cross-examine them.  He argues this deprivation of his right of confrontation "goes to the very core of his right to due process."  (Doc. 46 at 3.)

Rivas notes--and the government concedes--the deposition testimony and transcripts cannot be admitted as direct evidence against him because he was not present.  (Doc. 46 at 2; Doc. 66 at 3.)  The government must produce the witnesses to testify against Rivas at trial if it wishes to pursue their testimony against Rivas, at which point Rivas would have the opportunity to cross-examine them.  Any potential prejudice to Rivas can be addressed by curative jury instructions.  See Page, 657 F.3d at 129 ("less drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice" (internal quotation marks and citation omitted)).  Accordingly, the Court is unpersuaded by Rivas's due process argument.

As the government notes, the second superseding indictment includes a conspiracy charge against Rivas, Ramos-Funez, and a third co-conspirator.  (Doc. 66 at 3.)  It would certainly be inefficient to try one count against Rivas separately from the remaining substantive counts and the conspiracy where other evidence that implicates both Rivas and Ramos-Funez would be admitted at both trials.  See Page, 657 F.3d at 129 ("Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." (internal quotation marks and citation omitted)).

Because consolidation of charges into one proceeding promotes fairness and expedites judicial proceedings, the Court denies Rivas's motion to sever.

IV.     <u>Conclusion</u>

For the above reasons, Defendant Rivas's motion to sever (Doc. 46) is DENIED.  This case will be placed on the June 29, 2016 trial calendar.  A pretrial conference or change of plea hearing will be held on Tuesday, June 21, 2016, at 11:00 a.m., in Brattleboro, Vermont.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of May, 2016.


/s/ J. Garvan Murtha_____
Honorable J. Garvan Murtha
United States District Judge